IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| MARIA RAMATALLY<br><br>PLAINTIFF,<br>v.<br>NATIONAL VISION, INC.<br><br>DEFENDANT. | Civil Action No. ____ |

**PLAINTIFF'S ORIGINAL
COMPLAINT AND JURY DEMAND**

Plaintiff, Maria Ramatally, by and through her undersigned counsel, files this Complaint for retaliation by unlawful termination of employment in violation of Title VII under the Civil Rights Act of 1964 and 42 U.S.C. §1942 of the Civil Rights Act of 1866 against Defendant, National Vision, Inc., and alleges as follows:

PARTIES

1.

Plaintiff Maria Ramatally is a citizen and resident of the United States residing in Gwinnett County, Georgia.

2.

Defendant National Vision, Inc. is a retail optical company with stores throughout the United States and Puerto Rico and may be served with process by serving its registered agent at, 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092, USA.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C.§ 1343(a)(4).

4.

This suit is authorized and instituted pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e, et. seq. and 42 U.S.C. §1981 of the Civil Rights Act of 1866

5.

Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission on August 2, 2023. Plaintiff received her Notice of Rights to Sue on May 6, 2024. Hence, Plaintiff has exhausted her administrative remedies and timely brings this action.

6.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)

because a substantial part of the events or omissions giving rise to the claims occurred in this District. The Defendant conducts business in this District, and the Plaintiff was employed by the Defendant in this District.

## FACTUAL BACKGROUND

7.

Plaintiff, a West Indian – Guyanese, was hired by Defendant as a part-time Sales Associate at Store #548 in Lawrenceville, Georgia in December 2022.

8.

In that role, Plaintiff reported to Assistant Store Manager LaKeisha Stephens ("Assistant Store Manager") and Store Manager Terah Jones ("Store Manager").

9.

Until February 2, 2023, Plaintiff had no issues with her job, and Defendant expressed no concerns regarding Plaintiff's conduct or performance.

10.

On February 2, 2023, at approximately 2:00 P.M., Plaintiff walked by two co-workers, Shane Baker ("Shane") and Julie Childs ("Julie"), both of whom are African-American, while on her way to take out the trash.

11.

Without provocation, Julie stated to Plaintiff in a sarcastic tone that she had already taken the trash out and would not do it again.

12.

Shane then approached Plaintiff and yelled at her, stating, "if [Plaintiff] had something to say, say it to [his] face."

13.

Shane called Plaintiff a snitch and informed her that the store manager, also African-American, had told him and Julie that Plaintiff and another co-employee had complained about the trash not being taken out.

14.

Plaintiff asked Shane not to speak to her in that manner.

15.

The Assistant Store Manager, having overheard the conversation, invited Shane and Plaintiff to discuss the matter with her in the lab.

16.

As tensions between Shane and Plaintiff began to cool, Julie entered the lab uninvited and escalated the situation by raising her voice at Plaintiff in a threatening manner.

17.

The Assistant Store Manager ordered Julie to return to the front office until called for.

18.

Before leaving, Julie loudly questioned why she needed to leave.

19.

In the presence of other employees, Plaintiff asked the Assistant Store Manager if she could leave for the day as she felt threatened and believed the attacks from Shane and Julie were racially motivated.

20.

The Assistant Store Manager granted Plaintiff's request.

21.

Plaintiff gathered her belongings and left.

22.

On February 3, 2023, Plaintiff learned that she had been terminated from her employment.

## COUNT I
## RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

23.

Plaintiff re-alleges and incorporates by reference paragraphs 1 to 22 of this Complaint as though fully set forth herein.

24.

Plaintiff engaged in protected activity under Title VII by reporting to the Assistant Store Manager on February 2, 2023, her opposition to what she reasonably believed to be racial harassment and a hostile work environment perpetrated by her co-workers Shane and Julie.[1]

25.

Shane and Julie verbally berated Plaintiff for taking out the trash.

26.

While Shane and Julie did not use explicit racial epithets, their conduct towards Plaintiff, who had not observed similar reactions towards employees outside of her protected race, supports a reasonable belief that race played a role in their behavior.

27.

Plaintiff's belief that she was subjected to harassment and a hostile work environment based on her race is reasonable given the context and the

---

[1] "The objective reasonableness of an employee's belief that her employer has engaged in an unlawful employment practice must be measured against existing substantive law." *Anduze v. Fla. Atl. Univ.*, 151 F. App'x 875, 878 (11th Cir. 2005) (per curiam) (unpublished) (citation and internal marks omitted).[6] However, a "**plaintiff does not need to prove the underlying claim of discrimination in order for the retaliation claim to succeed**." *Godby v. Marsh USA, Inc.*, CIVIL ACTION NO: 1:06-CV-3081-JEC, 2008 WL 11407321, at *9 (N.D. Ga. July 21, 2008), (emphasis added) adopted by 2008 WL 11407246, at *9-10 (N.D. Ga. Sept. 19, 2008), *aff'd*, 346 F. App'x 491 (11th Cir. 2009) (per curiam) (unpublished) (citing *Sullivan v. Nat'l R.R. Passenger Corp.*, 170 F.3d 1056, 1058-59 (11th Cir. 1999)).

differential treatment she experienced.

28.

Plaintiff explicitly communicated to the Assistant Store Manager that she felt threatened and believed that the attacks from Shane and Julie were racially motivated, thereby engaging in protected activity.

29.

Defendant, through its management and agents, was aware of Plaintiff's protected activity.

30.

Defendant subsequently terminated Plaintiff on February 3, 2023.

31.

There is a causal connection between Plaintiff's protected activity and the adverse employment action taken against her, as her termination occurred immediately after she reported and opposed the racially motivated harassment.[2]

32.

Defendant's actions, including the termination of Plaintiff's

---

[2] To establish causation, "a plaintiff need only show 'that the protected activity and the adverse action were not wholly unrelated.'" *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1354 (11th Cir. 1999) (quotation omitted). Usually, "close temporal proximity between the employee's protected conduct and the adverse employment action is sufficient circumstantial evidence to create a genuine issue of material fact." *Brungart*, 231 F.3d at 799.

employment, were taken in retaliation for Plaintiff's opposition to the perceived racial harassment and hostile work environment, in violation of Title VII.

## COUNT II
## RETALIATION UNDER 42 U.S.C.§1981 OF THE CIVIL RIGHTS ACT OF 1866

33.

Plaintiff re-alleges and incorporates by reference paragraphs 1 to 32 of this Complaint as though fully set forth herein.

34.

Plaintiff, is of West Indian – Guyanese decent.[3]

35.

Plaintiff has the same rights in every State and Territory to make and enforce contracts, to sue, give evidence, with the full benefit of all laws and proceedings for the security of persons and property as enjoyed by white

---

[3] "Courts have often recognized claims of racial discrimination where national origin and race were inextricably linked, as they are here. (alleging that plaintiff is an Asian of Indian national origin). *See e.g. Donaire v. NME Hosp., Inc.*, 27 F.3d 507, 509 (11th Cir. 1994) (holding that an employee of Philippine birth and ancestry who alleges discrimination because of her "ancestry of ethnic characteristics" adequately pleads a Section 1981 claim); *Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1308 (7th Cir. 1989) (applying Section 1981 to protect an employee of Indian ancestry because "Section 1981 protects persons colloquially described as 'nonwhites'"), *superseded by statute on other grounds, Rush v. McDonald's Corp.*, 966 F.2d 1104, 1119 n.55 (7th Cir. 1992);"(quoting Issac v. Argos U.S.A. LLC, CIVIL ACTION No. 1:18-cv-05242-WMR-LTW, 2019 U.S. Dist. LEXIS 250093, *23-24 (Aug. 19, 2019).

citizens.

36.

Plaintiff engaged in protected activity under 42 U.S.C. §1981 by reporting to the Assistant Store Manager on February 2, 2023, her opposition to what she reasonably believed to be racial harassment and a hostile work environment perpetrated by her co-workers Shane and Julie.

37.

Plaintiff's belief that she was subjected to harassment and a hostile work environment based on her race is reasonable given the context and the differential treatment she experienced.

38.

Plaintiff explicitly communicated to the Assistant Store Manager that she felt threatened and believed that the attacks from Shane and Julie were racially motivated, thereby engaging in protected activity.

39.

Defendant, through its management and agents, was aware of Plaintiff's protected activity.

40.

Defendant subsequently terminated Plaintiff on February 3, 2023.

41.

There is a causal connection between Plaintiff's protected activity and the adverse employment action taken against her, as her termination occurred immediately after she reported and opposed the racially motivated harassment

42.

The temporal proximity between Plaintiff's reasonable opposition to racial harassment, and Defendant's termination was extremely close.

43.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a trial by jury on all issues trial by a jury and respectfully requests the following relief:

1. Compensatory damages for economic losses, including lost wages and benefits, and for emotional distress, humiliation, and mental anguish.
2. Punitive damages for Defendant's willful and malicious conduct.
3. Back pay and benefits from the date of wrongful termination to the date of judgment, with interest.
4. Reasonable attorney's fees and costs incurred in bringing this action.
5. Such other and further relief as the Court deems just and proper.

   Respectfully submitted this 4th day of August 2024.

          **JESSE KELLY PC**
          By:  <u>/s/ Jesse L. Kelly</u>
          Jesse L. Kelly, Esq.
          Georgia Bar No. 935869
          355 Lenox Road Suite 1000
          jesse@jkellypc.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 5.1, the undersigned, attaches this Certificate of Service

This 4th day of August 2024.

                                   **JESSE KELLY PC**

                                   */s/ Jesse Kelly*
                                   **Jesse L. Kelly**
                                   Ga Bar No. 935869
                                   3355 Lenox Rd. Suite 1000,
                                   Atlanta, GA 30326
                                   Phone: (678) 460-6801
                                   Fax: (678) 730-3443
                                   jesse@jkellypc.com